# Exhibit "A"

*Plaintiff's Complaint*

Electronically Filed
7/1/2021 2:30 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
**HICKS & BRASIER, PLLC**
2630 S Jones Blvd.
Las Vegas, Nevada 89146
T: (702) 628-9888
F: (702) 960-4118
E-Mail: cjackson@lvattorneys.com
*Attorney for Plaintiff*

CASE NO: A-21-837259-C
Department 4

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| MIRIAM SANTANA GARCIA, <br><br> Plaintiff, <br><br> vs. <br><br> WALMART, INC a Foreign Corporation; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive, <br><br> Defendants. | CASE NO.: <br> DEPT. NO.: |

### COMPLAINT

MIRIAM SANTANA GARCIA (hereinafter "Plaintiff"), by and through his attorney of record, CHARLES S. JACKSON, ESQ., of HICKS & BRASIER, PLLC, complains and alleges against WALMART, INC (collectively "Defendants"), as follows:

### GENERAL ALLEGATIONS

1. That Plaintiff MIRIAM SANTANA GARCIA (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the County of Clark, State of Nevada.

2. That Defendant WALMART, INC (hereinafter referred to as "WALMART"), was and is a Foreign Corporation operating in the County of Clark, State of Nevada.

3. That the true names and capacities of the Defendants designated herein as DOE or

1

ROE Business Entities are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

4. That on, or about, June 7, 2020, Plaintiff was an invitee at a WALMART #2838 store located at 5545 Simmons St., North Las Vegas, NV 89031 (hereinafter referred to as the "Property").

5. That Defendants designated herein as DOE or ROE Business Entities are other owners, operators, managers, controllers, designers, maintenance providers, and/or otherwise responsible for building and/or maintaining the subject Property.

6. That, at all times pertinent, Defendants were agents, servants, employees, or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

7. On, or about, June 7, 2020, Plaintiff tripped on a mat which was folded over and allowed to remain on the floor, causing injury to Plaintiff (hereinafter referred to as the "Dangerous Condition").

8. At all times relevant, Defendants owned and/or operated the Property.

9. At all times relevant, Defendants maintained and were in control of the Property, and the subject Dangerous Condition, which was on the Property, where Plaintiff was injured.

10. Upon information and belief, the Dangerous Condition was caused as a direct result of the Defendants' failure to maintain the Property in a reasonable and safe manner.

11. Defendants had actual notice, actual knowledge, constructive notice, and/or knew or should have known of the Dangerous Condition.

12. That as a direct and proximate result of the negligence of Defendants, Plaintiff sustained serious injuries and suffered great pain of body and mind, some of which conditions are permanent and disabling, all to Plaintiff's general damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

13. That as a direct and proximate result of the negligence of Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

14. That as a direct and proximate result of the negligence of Defendants, Plaintiff has been required to, and has limited, occupational and recreational activities, which have caused, and shall continue to cause, Plaintiff a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

15. That as a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## **FIRST CAUSE OF ACTION**

### (Negligence)

16. Plaintiff incorporates paragraphs 1 through 15 of the Complaint as though said paragraphs were fully set forth herein.

17. That Defendants owed Plaintiff a duty of care to operate the Property in a reasonable and safe manner.

18. That Defendants breached that duty of care by creating, or allowing to be created and failing to remedy, the Dangerous Condition and failing to mitigate the dangers of said condition or warn Plaintiff of said Dangerous Condition.

19. That Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

20. That Defendants breached this duty of care by failing to warn Plaintiff of the non-obvious and dangerous condition.

21. As a direct and proximate result of the negligence of Defendants, Plaintiff has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

WHEREFORE, Plaintiff, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1. For general and special damages sustained by Plaintiff in an amount in excess of $15,000.00;
1. For reasonable attorney's fees and costs;
2. For interest at the statutory rate; and
4. For such other relief as the Court deems just and proper.

DATED THIS 1st day of July, 2021.

**HICKS & BRASIER, PLLC**

*/s/ Charles S. Jackson*
CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
2630 S Jones Blvd.
Las Vegas, Nevada 89146
*Attorney for Plaintiff*